IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| FRANCES R. JENKINS, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| VS. | : | NO. 5:13-CV-15 (CHW) |
| | : | |
| CAROLYN W. COLVIN, | : | SOCIAL SECURITY APPEAL |
| | : | |
| Defendant. | : | |
| _____ | : | |

### RECOMMENDATION

Before the Court is Defendant's Motion to Dismiss. Doc. 6. In her motion, Defendant contends that Plaintiff Frances R. Jenkins' complaint was not timely filed. Id. Because Plaintiff's complaint was not timely filed and because Plaintiff has failed to show that she is entitled to equitable tolling, it is hereby **RECOMMENDED** that Defendant's Motion to Dismiss be **GRANTED**.

### BACKGROUND

On January 28, 2010, Plaintiff Frances R. Jenkins filed an application for a period of disability and disability benefits pursuant to Title II of the Social Security Act. Doc. 6-1. Following a hearing before an Administrative Law Judge (ALJ), a written decision finding Plaintiff not disabled was issued on July 21, 2011. Id. Plaintiff then requested review of the ALJ's decision by the Appeals Council, which was denied. Affidavit of Patrick Herbst (Doc. 6-2). On November 1, 2011, the Appeals Council mailed Plaintiff a copy of its decision and informed Plaintiff of the right to commence a civil action within sixty days. On January 14, 2012, Plaintiff filed her complaint in this Court. Doc. 1.

On January 16, 2012, Plaintiff sought an extension of time to file the civil action with the Office of Disability Adjudication and Review. Doc. 7-1. After Plaintiff failed to receive a response regarding her request for an extension of time, Plaintiff mailed an additional letter seeking an extension of time to file her civil action on February 8, 2013. Doc. 7-2. Plaintiff again did not receive a response. On March 18, 2013, Defendant filed the instant motion to dismiss. Doc. 6.

### DISCUSSION

Defendant contends that Plaintiff's complaint should be dismissed as untimely. Because Plaintiff did not file her complaint within the 60-day statute of limitations and because Plaintiff has not shown adequate grounds for equitable tolling, Plaintiff's complaint must be dismissed as untimely.

A complaint seeking review of the Social Security Commissioner's denial of an application for disability benefits must be filed within the 60-day statute of limitations pursuant to 42 U.S.C. § 405(g). Pursuant to 42 U.S.G. § 405(g), a civil action must be "commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow." 42 U.S.G. § 405(g). "Mailing" is interpreted to mean the date of the plaintiff's receipt of the Appeal's Councils notice of denial of review. 20 C.F.R. § 422.210(c). The date of receipt is presumed to be five days after the date of the Appeal's Council's notice unless there is a reasonable showing otherwise. Id.; 20 C.F.R. § 404.901. Accordingly, a complaint must generally be filed within sixty-five days after the date of the Appeals Council notice. See id.

In this case, Plaintiff did not file her complaint within sixty-five days after the Appeals Council notice. The Appeals Council issued its notice to deny review on November 1, 2013.

Plaintiff therefore had until January 5, 2013 to file a timely complaint. It is undisputed that Plaintiff filed her complaint on January 14, 2013. Plaintiff admits that the complaint was untimely due to clerical error and miscommunication within her attorney's office. Although Plaintiff filed two requests for extension of time with the Appeals Council, those requests were not filed until after the filing of the complaint and expiration of the statute of limitations, and the requests were not granted. Accordingly, Plaintiff's complaint was not timely.

Plaintiff has also failed to show that she is entitled to equitable tolling. The Eleventh Circuit has held that although "equitable tolling may apply to § 405(g)'s statute of limitations, before a court may do so it must apply 'traditional equitable tolling principles.' And traditional equitable tolling principles require that the claimant demonstrate *extraordinary circumstances*, such as fraud, misinformation, or deliberate concealment." Collier-Fluellen v. Commissioner of Social Security, 408 Fed. Appx. 330 (11th Cir. 2011) (quoting Jackson v. Astrue, 506 F.3d 1349, 1352 (11th Cir. 2007)) (emphasis in original). Attorney negligence does not constitute an extraordinary circumstance. Id.; Jackson, 506 F.3d at 1355-56.

Plaintiff has not demonstrated extraordinary circumstances to excuse her late filing. Plaintiff's failure to file her complaint within the limitations period was caused by a miscommunication with her attorney regarding her ability to proceed in this action *in forma pauperis*. Such miscommunication or clerical error does not constitute an extraordinary circumstance that warrants equitable tolling. Plaintiff's complaint must therefore be dismissed.

### CONCLUSION

Because Plaintiff failed to file her complaint within the statute of limitations and because Plaintiff has failed to show that she is entitled to equitable tolling, it is hereby **RECOMMENDED** that Defendant's Motion to Dismiss be **GRANTED**. Pursuant to 28 U.S.C.

§ 636(b)(1), the parties may serve and file written objections to this RECOMMENDATION with the district judge to whom this case is assigned WITHIN FOURTEEN(14) DAYS after being served with a copy thereof.

**SO RECOMMENDED**, this 7th day of May, 2013.

s/ Charles H. Weigle
Charles H. Weigle
United States Magistrate Judge